# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| STINSON FARM AND RANCH, L.L.C., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIV-14-1400-R |
| OVERFLOW ENERGY, L.L.C. | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a Motion for Summary Judgment (Doc. No. 17). Plaintiff responded in opposition thereto. Having considered the parties' submissions, the Court finds as follows.

This dispute stems from the sale of land from Plaintiff to Defendant following negotiations by their respective agents. Plaintiff contends that its agent, Tommy Hannon, who was also one of its two members, was contacted by Defendant's agent, Mark Lobmeyer, who expressed an interest in purchasing property owned by Plaintiff in Custer County, Oklahoma. After the transaction closed and Defendant took possession it sought and obtained a commercial disposal permit for the property. A commercial disposal well has since been drilled and completed, although it is not currently operational as a result of a fire. Plaintiff seeks rescission of the contract, asserting that it agreed to sell the property to Defendant because Defendant misrepresented that it would be used as an equipment yard. Plaintiff further contends it has suffered damages as a result of the Defendant's fraud.

The parties do not dispute that in June 2012, Mr. Mark Lobmeyer, an employee of the

Defendant, offered to purchase property from the Plaintiff, through its owner/manager Tommy Hannon.[1] Mr. Hannon requested that Mr. Lobmeyer email him a proposal, which Mr. Hannon received on June 19, 2012. The two men engaged in communications regarding the purchase of the property via email, telephone, and once in person, and a specific parcel for the sale was identified on August 1, 2012.[2] The property at issue herein is six acres located in the NE/4 of NW/4 of Section 6 - T13N - R20W Custer County, Oklahoma (hereinafter "the Property"). The parties' discussions resulted in Defendant executing a Contract for Deed on August 15, 2012.[3] On October 9, 2012, Plaintiff and Defendant closed on the Property; Defendant paid $37,780.81. A warranty deed was granted by Stinson Farm & Ranch, LLC conveying the Property to Overflow Energy. The warranty deed indicates that it transfers "Surface Interest Only" with a property description. According to the deed the Property was

---

[1] Mr. Lobmeyer is responsible for new operations and acquisitions for Defendant Overflow Energy, L.L.C.

[2] The parties do not present substantial evidence regarding negotiations. Plaintiff agrees that Mr. Hannon made a counteroffer to Mr. Lobmeyer's original offer, which was accepted by Mr. Lobmeyer on August 1, 2012. Mr. Hannon asserts, without dispute by Defendant, that he negotiated with Mr. Lobmeyer and was not aware of Overflow Energy, the Defendant, until Plaintiff received a draft of a warranty deed that listed Overflow as the grantee. Hannon inquired and Lobmeyer informed him that Overflow Energy was the limited liability company that would own the Property. There is no evidence that Mr. Lobmeyer attempted to avoid disclosure of Overflow as the true owner or participant. The corporate name appeared in the signature block of an email sent to Mr. Hannon by an employee of Overflow during negotiations.

[3] A copy was apparently sent to Plaintiff who did not sign or remit it to Defendant. He testified:
I didn't sign it and I don't believe I returned it.
***
I've signed a lot of one-sided contracts like that. The contract, in my opinion, was for protection of me. If they wanted a copy signed they should have asked for it.
Deposition Hannon, p. 88. He does not dispute that the contract contains the terms he requested or that it is silent as to the usage of the Property. Although Plaintiff takes issue with the copy of the Contract for Deed submitted by Defendant, Plaintiff submits what appears to be an identical version thereof.

2

transferred "free clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature EXCEPT: easements, restrictive covenants and minerals or mineral rights previously reserved or conveyed of record." The deed was recorded with the County Clerk for Custer County on October 11, 2012.

Plaintiff contends that in July 2013 it learned Defendant had applied for a commercial disposal well permit from the Oklahoma Corporation Commission on October 30, 2012, which request had been granted. Plaintiff contends that between the initial contact by Lobmeyer in June 2012, and execution of the warranty deed in October that Mr. Hannon asked Lobmeyer multiple times to identify Defendant's intended use of the Property. Plaintiff contends Lobmeyer, on behalf of Defendant, represented on multiple occasions that the Property would be used as an equipment yard, to store pipe and other oilfield equipment. Defendant disputes this representation, asserting that Plaintiff inquired once of Mr. Lobmeyer, who stated "[r]ight now our plans are probably an equipment yard, equipment, park trucks." Lobmeyer Depo. Tr. 32. Defendant admits Lobmeyer never told Plaintiff the Property might become the location of a disposal well, although Defendant had considered that usage prior to the purchase. Plaintiff contends Defendant's intended use was a critical factor in its decision to sell, and that had Mr. Hannon known Defendant intended to locate a disposal well on the Property it would not have agreed to the sale.[4] Additional facts will be

---

[4] There is no dispute that Plaintiff did not convey this information to Defendant nor are there any limits on usage set forth in either the contract or the deed, beyond those set forth previously.

set forth as relevant herein.

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202, 204 (10th Cir.1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material if it is essential to the proper disposition of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed.R.Civ.P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex*, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir.1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Defendant contends Plaintiff cannot establish fraud and therefore it is entitled to summary judgment on both Plaintiff's rescission and fraud claims. To establish fraud against Defendant, Plaintiff must present evidence that:

> defendant made a material representation that was false, that he knew when he made the representation that it was false, and that he made it with the intention that it should be acted upon by plaintiff, and that plaintiff acted in reliance upon it and thereby suffered detriment.

*Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 177 (Okla. 1988). The alleged fraud in the inducement and fraud claims are both premised on the alleged misrepresentation by Defendant's agent, Mr. Lobmeyer. As noted, Mr. Hannon contends that on more than one occasion he inquired of Mr. Lobmeyer regarding the intended use of the Property. He contends he was told by Mr. Lobmeyer that the intended use of the Property was as an equipment yard.[5]

The Court notes at the outset Defendant's contention that Plaintiff's claims of fraud

---

[5] Mr. Hannon apparently operated under a mistaken belief regarding the extent of the interest sold to Defendant. He insisted that the deed specify that the transfer was limited to "surface interest only in an to" the Property, believing this limited Defendant's ability to use the subsurface.
  Q: Well, you understand the surface owner owns all the subsurface water?
[objection omitted]
  A: No, I didn't.
                            ***
  A: My understanding what surface would mean would be the surface and maybe a few feet
     down.
Hannon deposition, p. 87. Mr. Hannon acknowledged that he did not ask for any restrictions on usage in either the contract for deed or the deed and that he now understands that "surface rights" includes anything but the minerals in the absence of covenants. *Id.* at 98, 107. He also conceded that his lack of understanding was not based on anything Defendant said to him. *Id.* at 108.
  In Oklahoma, "[t]he owner of land in fee has the right to the surface and to everything permanently situated beneath or above it." Okla. Stat. tit. 60 § 60. Any understanding to the contrary by Mr. Hannon was a unilateral mistake of law.

5

and fraud in the inducement are barred by the parole evidence rule. It is true that "[i]n Oklahoma, parole evidence of oral negotiations either preceding or contemporaneous with the exclusion of a written instrument is ordinarily not admissible to vary the terms thereof." *Thrifty Rent-A-Car Systems, Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1194-95 (10th Cir. 1994)(citing *Oklahoma Company v. O'Neil*, 440 P.2d 978, 986 (Okla. 1968). The rule, however, does not apply "when it is alleged that false and fraudulent representations were made to induce execution of the contract, but for which representations the obligations would not have arisen, parole evidence in support of such allegations is admissible to prove fraud and to vitiate the contract." *Id.* at 1195 (citing *O'Neil*, 440 P.2d at 979-80 (further citations omitted). Accordingly, the parole evidence rule does not bar consideration of Plaintiff's fraud or fraud in the inducement claims. However, if the Court finds no fraud, the terms of the contract would prevail, precluding relief for the Plaintiff. Furthermore, the Court finds that the fraud exception to the rule does not advance Plaintiff's claims.

Defendant relies primarily on *Silk v. Phillips Petroleum Co.*, 760 P.2d 174 (Okla. 1988), wherein the lessor on an oil and gas lease was not informed by the lessee's agent that the oil and gas lease contained an option to renew. The lessor sought rescission based on fraudulent inducement, because she was not informed of the clause and believed that the written contract she signed was consistent with a prior oral agreement, which did not reference renewal at the lessee's option. Silk indicated she would not have signed the lease had she been aware of the renewal provision.

The court rejected the plaintiff's contention that the lessee was obliged to disclose the

6

existence of the provision, finding that the lessee had no duty to speak on the issue. The court noted that Ms. Silk was literate, had prior experience with oil and gas contracts, and that the transaction was arm's-length, without a confidential or fiduciary relationship. *Id*. at 179. The court concluded the plaintiff had failed to establish a material misrepresentation by the defendant. The Court finds the same to be true in the instant case.

The transaction in the instant case involved an arm's-length transaction. Plaintiff was not strong-armed into acquiescing to the terms of an agreement, nor does it assert that such was the case. Rather, it was approached about the possibility of selling land in Custer County, Oklahoma. Plaintiff's agent negotiated the price and certain terms of the agreement. Although he inquired how the Property would be used, he did not inform Defendant's agent that Stinson Farm and Ranch LLC would object to any particular use of the Property nor did he seek terms in the contract for deed or deed that would have limited use of the Property by Defendant or any subsequent owners. Although Defendant's use of the land ultimately did not comport with its stated intention, that in and of itself is not sufficient to establish that Plaintiff was fraudulently induced to enter into the contract.

The Court also finds the reasoning in *Brown v. B&D Land Co.*, 823 P.2d 380 (Okl. App. 1991), persuasive, albeit indirectly. In *Brown*, the buyer of a tract of property sued the seller seeking rescission. Her claim was premised on the fact that none of the documents related to the transaction, including the property disclosure, indicated the property was in a flood plain or susceptible to flooding. She was told by the seller's real estate agent that

property could not be sold unless it was "checked out and approved," which eliminated the buyer's fears of flooding, and which the defendant's general partner knew to be untrue because a commissioned study had shown a portion of the tract was in a flood plain. After the property flooded the plaintiff demanded rescission, which defendant refused. Plaintiff filed suit alleging fraud. The court concluded that because the plaintiff could have ascertained the truth with reasonable diligence, she could not rely on alleged false statements.

Here, although Defendant's intentions could not be known to Plaintiff, and indeed it has no evidence that Defendant did not intend to build an equipment yard other than the fact that Defendant did not do so; Plaintiff could have included a restriction on the use of the Property in the Contract for Deed and the deed. This option was available to Plaintiff and through what appears to be a misunderstanding of the law, it failed to properly protect its interests. The Court concludes that Plaintiff cannot simply inquire about the intended usage, even on more than one occasion, and then seek to rely on Defendant's answer without seeking to protect itself in the transaction by affirmatively stating what use of the Property it would find offensive.

Furthermore, Plaintiff cannot establish that it relied on Defendant's alleged misrepresentation to its detriment. Plaintiff got what it anticipated in the transaction, it received the price it quoted for the Property. Nothing in the contract or deed limited Defendant or any subsequent purchaser's ability to use the Property and when asked about various other potential uses for the site, such as a hotel, the Plaintiff's representative indicated there would have been no objection. Plaintiff asks the Court to accept that it was fraudulently

induced into selling the Property because there was apparently a single potential use of the Property to which it would object, yet it did not either convey this information to the buyer or seek to include any restrictions in the deed.

Finally,

> a general rule, "for a false representation to be the basis of fraud, such representation must be relative to existing facts or those which previously existed, and not as to promises as to future acts." *Citation Co. Realtors, Inc. v. Lyon*, 610 P.2d 788, 790 (Okla.1980). An exception to the rule exists, however, "where the promise to act in the future is accompanied by an intention not to perform and the promise is made with the intent to deceive the promisee into acting where he otherwise would not have done so." *Id*. Therefore, "[t]he gist of the rule is not the breach of promise but the fraudulent intent of the promisor at the time the pledge is made not to perform the promise so made and thereby deceive the promisee." *Id.* (citation omitted) (emphasis added).
>
> Here, although plaintiffs allege fraud, they have presented no evidence that [Defendant's] promise to perform was accompanied by an intent not to do so. Indeed, "[t]he only proof in this record upon which we can predicate an intent not to keep the promises made is the fact that such promises were not kept." *Smith v. Roederer*, 516 P.2d 257, 261 (Okla.1973) (quoting *Downtown Chevrolet Co. v. Niccum*, 180 Okl. 616, 71 P.2d 957, 960 (1937)). Dismissal of plaintiffs' fraud claim was appropriate because breach of a contract alone is not proof of fraud.

*Roberts v. Wells Fargo AG Credit Corp.*, 990 F.2d 1169, 1173 (10th Cir. 1993).[6] The mere fact that Defendant sought a well disposal permit does not itself support Plaintiff's fraud claim.

---

[6] Indeed, in this case there was no promise by the Defendant or even a contention by Plaintiff that Defendant made any promise. Rather, Plaintiff's agent made assumptions based on Defendant's statement of what it intended between June and October 2012. There is no contention that Defendant agreed to forego any type of development on the Property.

9

The Court finds that accepting the evidence in the light most favorable to Plaintiff, the non-movant, that no reasonable jury could find that Plaintiff has established fraud by clear and convincing evidence. As such, Defendant is entitled to summary judgment, and its motion is hereby GRANTED. Judgement shall be entered accordingly.

IT IS SO ORDERED this 18th day of August, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE